PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY DILLE, | ) | CASE NO. 4:14CV01453 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ROTH BROS., INC., et al., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

## I.  Introduction

On July 1, 2014, Plaintiff Tommy Dille, proceeding *pro se*, filed this Title VII action against Roth Bros. Inc. and Gary Elbel.  He alleges in his brief Complaint [ECF No. 1] that he was suspended from his employment at the Perry Nuclear Power Plant for one year by his employer,  Day & Zimmerman NPS.  The suspension allegedly resulted from a statement made by Project Supervisor Elbel, an employee of Roth Bros., that Plaintiff was sleeping during a pre-job briefing.  ECF No. 1.

Now before the Court is Defendant Roth Bros.'s Motion to Dismiss [ECF No. 3], wherein Defendant asserts: 1) Plaintiff did not file an administrative charge against Roth Bros. with the Equal Employment Opportunity Commission; 2) the Complaint does not set forth allegations of an employment relationship between Plaintiff and Roth Bros.; 3) there are no allegations of unlawful discrimination against Plaintiff by Defendants or of adverse employment action taken by Defendants against Plaintiff.  Plaintiff filed a Response to the Motion to Dismiss [ECF No. 5], in which he concedes he was not employed by Roth Bros., and states that he does not believe he should need permission from a government agency to file a lawsuit.

-1-

**II.  Law and Analysis**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Plaintiff's Complaint does not set forth the basic elements for a Title VII action, namely:

-2-

an employer-employee relationship with Defendants, unlawful discrimination by Defendants based on Plaintiff's membership in a protected class, and exhaustion of administrative remedies. Thus, even construing his pleadings liberally, Plaintiff has simply not set forth a valid federal claim. *See*, *e.g.*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

### III. Conclusion

Accordingly, the Motion to Dismiss is hereby granted.


IT IS SO ORDERED.


January 9, 2015                                   /s/ Benita Y. Pearson
Date                                              Benita Y. Pearson
                                                  United States District Judge